**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10193 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03321-DCB-CRP |
| v. | |
| FRANKY ZAMUDIO-GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Franky Zamudio-Gomez appeals from the 41-month sentence imposed

following his guilty-plea conviction for re-entry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Zamudio-Gomez contends that the district court erred by not granting a third point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) in the absence of a government motion because the government withheld the motion arbitrarily. His argument is foreclosed by *United States v. Johnson*, 581 F.3d 994, 1002-04 (9th Cir. 2009) (district court did not err in declining to grant additional one-level reduction because defendant's refusal to waive appellate rights was rational basis for the government's decision not to file a section 3E1.1(b) motion).

He also contends that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. Zamudio-Gomez's below-Guidelines sentence is reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010) (where district court judge correctly calculated and carefully reviewed the Guidelines range, "he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities").

**AFFIRMED.**

11-10193